UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                DECISION AND ORDER
     v.                00-CR-0053A

JOHN FERBY,

       Defendant.

---

## INTRODUCTION

   Currently before the Court is a motion by the defendant, John Ferby, for resentencing. For the reasons stated, the motion is denied.

## BACKGROUND

   Defendant Ferby, a former City of Buffalo police officer, was indicted with five other defendants in a multi-count indictment. Ferby was charged with conspiracy to violate civil rights, conspiracy to commit theft or conversion of government property, theft or conversion of government property, conspiracy to commit robbery and extortion under color of official right (Hobbs Act conspiracy), attempted robbery and extortion under color of official right (Hobbs Act substantive violation), possession of a firearm in furtherance of a crime of

violence, and unlawful access of a government computer in furtherance of a crime. The jury found Ferby guilty of one count of theft of government property in violation of 18 U.S.C. § 641, but acquitted him of all other charges.

On August 2, 2002, this Court sentenced defendant Ferby to a term of imprisonment of 41 months, to be followed by 2 years of supervised release. In sentencing the defendant, the Court found that the base offense level for Ferby's offense of conviction was 4. The Court applied the following upward adjustments: (1) a six-level upward adjustment pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(1)(G) as the loss exceed $20,000; (2) a two-level upward adjustment pursuant to U.S.S.G. § 2B1.1(b)(4)(A) as the offense involved more than minimal planning; (3) a two-level upward adjustment pursuant to U.S.S.G. § 3A1.3 because the undercover agent victim was physically restrained during the course of the offense; and (4) a two-level upward adjustment pursuant to U.S.S.G. § 3B1.3, because the defendant abused a position of public trust. The Court denied an acceptance of responsibility adjustment and found that the defendant's adjusted offense level was 16, his criminal history category was I, and his Sentencing Guidelines range was 21 to 27 months.

The Court then determined that the applicable Guidelines range of 21 to 27 months was insufficient given the extent of defendant Ferby's criminal conduct. Accordingly, pursuant to U.S.S.G. § 5K2.0, the Court applied a

discretionary upward departure of four levels upon finding by clear and convincing evidence that the defendant had engaged in other acts of misconduct for which he had been acquitted.  Of particular significance, the Court found that the defendant had been part of a conspiracy to violate civil rights, as charged in Count 1 of the Indictment, and imposed the sentence that the defendant would have received had he been convicted of that crime.  The sentence imposed (41 months) was well below the ten-year statutory maximum sentence for the defendant's offense of conviction.

   The defendant appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit.  The Second Circuit initially affirmed the conviction and sentence by Summary Order on September 3, 2004.  However, on March 25, 2005, the Second Circuit remanded this case to this Court in light of the United States Supreme Court's decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and the Circuit's decision <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005).

   On April 8, 2005, defendant Ferby moved for resentencing under <u>Crosby</u>.  On May 10, 2005, the government filed a response.  The Court heard oral argument on May 20, 2005.

**DISCUSSION**

I.	**Resentencing Not Required**

As noted above, the Second Circuit remanded this matter for further proceedings in light of Booker and Crosby, "on the sole issue of [the defendant's] Sixth Amendment challenge" to his sentence and "for further proceedings in light of Crosby."

The Supreme Court's decision in Booker significantly altered the sentencing regime that had existed since the United States Sentencing Guidelines became effective on November 1, 1987. The Court's two-part decision consists of a "substantive opinion" by Justice Stevens and a "remedy opinion" by Justice Breyer. In the substantive opinion, the Supreme Court held that the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000),[1] applied to the Sentencing Guidelines. That is, the Court held that the *mandatory* application of sentencing enhancements based upon findings by a judge (not a jury) violated a defendant's Sixth Amendment right to a jury trial. Booker, 125 S. Ct. at 756. In the second part of the decision, the "remedy opinion" authored by Justice Breyer, the Court held that the Sixth Amendment violation could be "remedied" by severing the statutory provisions that made the Sentencing

---

[1] In Apprendi, the Supreme Court held that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Guidelines mandatory. Id., at 764. As a result, the Guidelines were rendered "effectively advisory," Booker, 125 S. Ct. 757, although district courts were instructed to still consider the applicable Guidelines along with the other factors listed in 18 U.S.C. § 3553(a). See Crosby, 397 F.3d at 111.

In Crosby, the Circuit Court found that remand to the district court was "generally appropriate" in the aftermath of Booker, so that the sentencing court could consider whether to resentence the defendant under the new advisory sentencing regime. The court emphasized that remand was being conducted:

> not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence, now fully informed of the new sentencing regime, and if so, to resentence.

Crosby, 397 F.3d at 117 (emphasis in original); see also United States v. Rubenstein, 403 F.3d 93, 98 (2d Cir. 2005) ("Ordinarily, post-Booker, we would remand for the district court to consider whether the original sentence – imposed pre-Booker on the then-valid mandate of the Guidelines – would have been different if the district judge had appreciated his discretion to frame the sentence based on the fact that the Guidelines are advisory.").

Thus, the issue currently before the Court is "whether a materially different sentence would have been imposed" had the Booker standards been in effect at the time that Ferby was originally sentenced. See United States v.

Williams, 399 F.3d 450, 460 (2d Cir. 2005).  If the answer to this question is yes, then a resentencing of the defendant is appropriate.  However, if the answer is no, then resentencing is not required and the Court need only place on the record its "decision not to resentence, with an appropriate explanation." Crosby, 397 F.3d at 120.

The Court finds that resentencing is not required in this case because the same sentence would have been imposed even if the Guidelines had been merely advisory at that time, and after giving careful consideration to the factors set forth in 18 U.S.C. § 3553(a).  In fact, the Court did not impose a sentence within the applicable Guidelines range at sentencing because it believed that Sentencing Guidelines range (21 to 27 months) was too lenient given the circumstances of the case and the extent of defendant Ferby's criminal conduct.  As stated above, the Court applied a four-level upward departure under U.S.S.G. § 5K2.0 and imposed a sentence *above* the applicable Guidelines range upon finding that defendant Ferby had engaged in acts of misconduct for which he was acquitted.

The defendant argues that as a result of the Supreme Court's decision in Booker, this Court is no longer able to consider acquitted conduct in determining a defendant's sentence.  For the reasons stated in Part II below, the Court rejects this argument and finds that acquitted conduct may be considered by a sentencing judge post-Booker.

In any event, even if the Court were not to consider defendant Ferby's acquitted conduct, the sentence imposed would be the same. In other words, even if the Court had known that the Guidelines were merely advisory at the time that defendant Ferby was sentenced, the Court would have imposed the same sentence. Putting aside acquitted conduct, there were aggravating factors in this case that were not considered by the applicable Guidelines range. Had the Court been aware that it was not bound by the applicable Guidelines range at the time of Ferby's original sentence, the Court would have given greater weight to other factors set forth is 18 U.S.C. § 3553(a), including the history and characteristics of the defendant, the need for a greater sentence to reflect the seriousness of the offense and promote respect for the law, and the need for deterrence.

Defendant Ferby was a Buffalo Police Officer who committed the offense of conviction while acting under color of state law. In doing so, he violated his solemn vow to uphold the law and broke the very laws that he was sworn to protect. He took advantage of his position as a police officer to commit the instant offense and in doing so, he abused the trust that was placed in him by the public. Not only did the defendant's conduct bring shame on himself, but the actions of Ferby and his codefendants damaged the public's trust in the entire Buffalo Police Department. Where – as in this case – a crime was committed by a police officer purporting to act with official authority, the Court

believes a much harsher sentence was required to serve the overall sentencing objectives of punishment and deterrence. In sum, after considering the holdings of Booker and Crosby, and the factors set forth in 18 U.S.C. § 3553(a), the Court finds that the sentence imposed would have been the same even if the Court had known that the Guidelines were merely advisory and had not considered the defendant's acquitted conduct. The sentence imposed was reasonable, necessary and appropriate to reflect the seriousness of the defendant's offense, to promote respect for the law, to protect the public from further crimes and afford adequate deterrence.

## II.     Acquitted Conduct

Defendant Ferby argues that resentencing is required because, as a result of Booker, it was error for this Court to have considered acquitted conduct during his original sentence. The Court rejects this argument.

Prior to Booker, it was well-established that acquitted conduct could be considered at sentencing. In United States v. Watts, 519 U.S. 148 (1994), the Supreme Court held that it was permissible for the sentencing court to consider conduct for which the defendant had been acquitted in determining the defendant's sentence, as long as the acquitted conduct was proved by a

preponderance of the evidence.[2]

The defendant argues that, following Booker, Watts is no longer viable case law and a judge is prohibited from considering acquitted conduct at sentencing. Alternatively, the defendant argues the Court is required to apply a "reasonable doubt" standard of proof.

In a recent decision, the Second Circuit declined to resolve the issue of "whether or not Watts fully survives Booker." See Williams, 399 F.3d at 454. Therefore, the issue of whether a court may consider acquitted conduct at sentencing remains an open question in this Circuit. Nevertheless, the Court notes that Watts has not been expressly overturned by the Supreme Court and until it is, this Court is bound to follow it.

The only Circuit Court to address this issue since Booker has concluded that "it was not error for the sentencing judge to find a fact that had been acquitted by the jury when determining [the defendant's] sentence." See United States v. Duncan, 400 F.3d 1297, 1305 (11th Cir. 2005).[3] At least one

---

[2] The defendant in Watts was convicted of possessing cocaine with intent to distribute under 21 U.S.C. § 841(a)(1), but acquitted of using a firearm in the course of a drug offense under 18 U.S.C. § 924(c). Despite acquittal on the firearms charge, the sentencing court applied an upward adjustment under the Sentencing Guidelines upon finding, by a preponderance of the evidence, that the defendant had possessed a firearm during the offense of conviction. Watts, 519 U.S. at 157.

[3] Defendant Duncan had been convicted of a conspiracy to possess with the intent to distribute cocaine. In a special verdict, the jury found that the conspiracy involved five kilograms or more of cocaine, but did not involve 50 grams or more of cocaine base. At sentencing, the district court enhanced the defendant's sentence based, in part, on a finding that some of the cocaine powder had been converted into over 12 kilograms of cocaine base. Duncan, 400 F.3d

district court has also concluded that acquitted conduct may be considered at sentencing post-Booker.  See United States v. Agostini, 365 F. Supp. 2d 530 (S.D.N.Y. 2005) ("Booker did not alter the court's ability to enhance a defendant's sentence on the basis of acquitted conduct.").  However, two other district courts have determined that acquitted conduct should *not* be considered because to do so would "trivialize" the jury's verdict, see United States v. Pimental, 367 F. Supp. 2d 143 (D. Mass. 2005), and "eviscerate" the defendant's Sixth Amendment right, see United States v. Coleman, 370 F. Supp. 2d 661 (D. Ohio 2005).  In Pimental, the Court explained:

> [W]hen a court considers acquitted conduct it is expressly considering facts that the jury verdict not only failed to authorize; it considers facts of which the jury *expressly disapproved*.

Pimental, 367 F. Supp. 2d at 152 (emphasis added).  In this manner, the court reasoned, consideration of acquitted conduct differs from other extra-verdict enhancements.

      This Court respectfully disagrees with the Pimental and Coleman decisions.  The Court agrees with the holdings in Duncan and Agostini, and finds that Booker does not preclude consideration of acquitted conduct by a sentencing judge.

---

at 1304.  The Eleventh Circuit held that, notwithstanding the jury's special verdict, it was not error for the district court to apply the enhancement upon finding that some of the cocaine was converted into cocaine base.  As long as the sentence imposed did not exceed the sentenced authorized by the jury's verdict, no Sixth Amendment violation occurred.  Id. at 1305.

As discussed above, the Supreme Court's holding in Booker rendered the Guidelines "effectively advisory." By making the Guidelines merely advisory, the maximum sentence faced by a defendant becomes the statutory maximum set forth in the United States Code. So long as the district judge does not impose a sentence that exceeds that statutory maximum, the judge's traditional authority to find and consider all facts relevant to sentencing remains intact even after Booker. The Second Circuit explained in Crosby:

> [A]lthough the Court in the Substantive Opinion prohibits a sentencing judge from finding any facts that enhanced a Guidelines sentence above the range that is based solely on facts found by the jury in its verdict or admitted by the defendant, the Court in its Remedy Opinion contemplates that, with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection. Thus, the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence.

Crosby, 397 F.3d at 112 (footnote omitted).

In other words, post-Booker, a court retains its authority to resolve disputed facts by a preponderance of the evidence[4] and to consider those findings in determining the defendant's sentence. See United States v. Gonzalez, 407 F.3d 118 (2d Cir. 2005) (stating that a judge's authority to resolve

---

[4] As noted, the Court applied a "clear and convincing" standard at Ferby's original sentence in determining whether he had engaged in acts constituting acquitted conduct.

disputed facts by a preponderance of evidence when arriving at a Guidelines sentence "endures post-Booker"). So long as the sentence imposed does not exceed the statutory maximum for the offense,[5] there is no Sixth Amendment violation.

Contrary to defendant Ferby's argument, Booker did not hold that a judge is precluded from considering acquitted conduct in imposing sentence. Indeed, Justice Breyer's remedy opinion specifically instructs judges to maintain "a strong connection between the sentence imposed and the offender's real conduct . . . ." Booker, 125 S. Ct. at 757. This Court agrees with the Eleventh Circuit's observation that:

> Booker suggests that sentencing judges can continue
> to consider relevant acquitted conduct when applying
> the Guidelines in an advisory manner, '[f]or when a trial
> judge exercises his discretion to select a specific
> sentence within a defined range, the defendant has no
> right to a jury determination of the facts that the judge
> deems relevant.'

United States v. Duncan, 400 F.3d 1297, 1305 (11th Cir. 2005) (quoting Booker, 125 S. Ct. at 750).

By arguing that this Court lacks authority to impose a sentence based upon acquitted conduct, defendant Ferby is essentially arguing that this Court consider only the substantive opinion in Booker, without regard to the

---

[5] As noted above, Ferby's sentence of 41 months' imprisonment was well below the ten-year statutory maximum for his offense.

remedy opinion. However, the remedy opinion in Booker specifically instructed that *both holdings* should be applied to cases on direct review. See Booker, 125 S. Ct. at 769. Taken as a whole, Booker does not preclude a judge from increasing a defendant's sentence based upon facts not found by the jury. It merely prohibits the enhancements from being *mandatory*. When both parts of Booker are read together, the only error that occurred in this case was this Court's *mandatory* application of the Sentencing Guidelines. Because the Court would have imposed the same sentence even if the Guidelines had been merely advisory at the time of Ferby's initial sentencing, resentencing is not required.

## CONCLUSION

For the reasons stated, defendant Ferby's motion for resentencing is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 1  , 2005